The opinion of the Court was delivered (April 16, 1831) by
Harper, Ch.
The principal point made in this case is, that which is involved in the first ground of appeal.
Whatever may. have been before the legitimate meaning of the term escheat, the Acts of the Legislature on the subject, explain in a manner too clear to be doubted, that it is intended to be applied as well to the case of a person’s dying intestate, possessed of personal property, and leaving none who are known as next of kin, as to that of one’s dying possessed of real property and lea-ving no heirs.-
*458 The reasoning of Chancellor Johnston is entirely satisfactory on the point of interest, which forms the second ground of appeal.
As to the claim of a commission of 10 per cent, on the amount of interest which has accrued in the administrator’s hands, this Court has already decided, that it is only where interest is actually received, and vested so as to accumulate, that an executor oradministratoris entitled to such a commission. The purpose of giving the commission is to encourage executors to accumulate.
The rate of interest charged by the Court has heretofore been uniformly the legal rate of seven per cent. I suppose that it is in the power of the Court, in conformity to the practice of the English Chancery, to charge less than the legal rate of interest, if justice to executors and trustees should seem to require it. To authorize us, however, to change the established practice, a thorough investigation would be necessary, founded on the fullest evidence of the present value of money. This has not been afforded in the present case, and we cannot depart from the practice.
The counsel on both' sides agree with respect to the fifth ground of appeal, that it was by mere inadvertence, that the commissions claimed were not allowed.
It is therefore ordered, that the decree be reformed, so as to allow the defendant commissions on the final payment of the amount due by him.
Johnson and O’Neall, JJ., concurred.

Decree reformed.